**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sammy Joe ADKINS, Defendant–Appellant.**

No. 06–51344

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 17, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Bowen W. Sutton, Law Offices of Bowen W. Sutton, San Antonio, TX, for Defendant–Appellant.

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Sammy Joe Adkins pleaded guilty to aiding and abetting distribution of more than 50 grams of methamphetamine and was sentenced to 100 months in prison to be followed by five years of supervised release. Adkins appeals, asserting that his sentence is unreasonable because the district court did not accord proper weight to the sentencing factors given in 18 U.S.C. § 3553; and thus, effectively reinstated the mandatory Guidelines regime condemned in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Adkins also contends that the court should have taken into account his age, his wife's health, his good work history, and the disparity between his sentence and that of his co-defendant, who received 36 months.

A presumption of reasonableness applies to a district court within-guidelines sentence that reflects a proper application of the Guidelines. *See Rita v. United States*, — U.S. ——, 127 S.Ct. 2456, 2462–65, 168 L.Ed.2d 203 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir.2006). The record shows that the district court fulfilled its duty to consider the relevant 18 U.S.C. § 3553 factors in addition to the Guidelines, and sentenced Adkins to 100 months of imprisonment, the lowest end of the sentencing guidelines range. *See United States v. Mares*, 402 F.3d 511, 518–19 (5th Cir.2005). There is no indication that the sentence imposed is unreasonable. *Id.* at 519.

Under the Guidelines, employment record; family ties and responsibilities; age, unless the defendant is elderly and infirm; and health, unless the defendant is seriously infirm, are not proper considerations

when deciding whether to depart. *See* U.S.S.G. §§ 5H1.1–5H1.6.

The record is silent regarding the reasons for Adkins's co-defendant's sentence and whether the defendants are similarly situated with respect to criminal history and circumstances. *See* 18 U.S.C. § 3553(a)(6). The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.